**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

VANN BRAGG,
ADC #152805                                                                                      PLAINTIFF

v.                                          2:16CV00022-JLH-JTK

J. R. SMITH, et al.                                                                           DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District

Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I.    Introduction

Plaintiff Vann Bragg is a state inmate confined at the East Arkansas Regional Unit of the Arkansas Department of Correction (ADC). He filed this pro se 42 U.S.C. § 1983 action against four named Defendants, based on conditions of confinement he experienced while incarcerated at the Cross and Lee County Jails. By Order dated March 23, 2016 (Doc. No. 6), this Court granted Plaintiff's Motion to Proceed in forma pauperis in this lawsuit and provided him the opportunity to amend his Complaint, finding that his Complaint failed to state a claim upon which relief could be granted. As of this date, Plaintiff has not filed an Amended Complaint.

### II.   Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek

2

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

**III.    Facts and Analysis**

In his Complaint, Plaintiff alleges that while incarcerated at the Cross County Jail he was not given a proper diet even though he told officials he is Muslim, and he was subjected to mold, both of which made him sick. He also claims the Jail lacked TB lights, and that Defendant Beshain disregarded his complaints about these conditions. He also named Smith as a Defendant, because he is the Sheriff of Cross County and hired Defendant Beshain. Plaintiff was then transferred to the Lee County Jail where Defendant Clay is the Jail Administrator, and he was denied adequate law books and materials to help him properly defend himself. He also complains the inmates of the Jail were served out of an uncovered drinking container, were not provided frequent haircuts and shaves, and that Defendant Mounger failed to feed him breakfast on one occasion.

By Order dated March 23, 2016, this Court granted Plaintiff's Motion to Proceed in forma

pauperis, and directed him to file an Amended Complaint, noting that his Complaint failed to support a constitutional claim for relief against any of the named Defendants (Doc. No. 6). The Court specifically noted that although he claimed Defendants improperly fed him pork in violation of his religious beliefs, he did not state who he told of his Muslim faith, who fed him the pork, how many times the incident occurred, and whether he knowingly ate it. He also did not allege how long he was incarcerated in each of the Detention Centers, or to whom he complained about the mold or other improper conditions. The Court then provided Plaintiff the opportunity to submit an Amended Complaint, and directed him to include the following: " **1) name all the parties he believes deprived him of his constitutional rights and whom he wishes to sue in this action; 2) provide specific facts against each named Defendant in a simple, concise, and direct manner; 3) indicate whether he is suing each Defendant in his/her individual or official capacity, or in both capacities; 4) state how he was harmed; and 5) state whether he was incarcerated as a pretrial detainee. Plaintiff must set forth specific facts concerning the allegations he has set forth including, where applicable, dates, times and places.**" (Doc. No. 6, pp. 4-5) However, as of this date, Plaintiff has not submitted an Amended Complaint.

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived him of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993). As a pretrial detainee, Plaintiff's claims are analyzed under the Fourteenth Amendment's Due Process clause. See Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979). "Under the Fourteenth Amendment, pretrial detainees are entitled to 'at least as great' protection as that afforded convicted prisoners under the Eighth Amendment." Owens v. Scott County Jail, 328 F.3d

1026 (8th Cir. 2003) (quoting City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 244 (1983)). "[I]nmates are entitled to reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time." Howard v. Adkison, 887 F.2d 134, 137 (8th Cir. 1989).

Conditions which "deprive inmates of the minimal civilized measure of life's necessities," may be considered cruel and unusual, and therefore, unconstitutional. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). In determining when pretrial detention is considered unconstitutionally punitive, the courts apply the Eighth Amendment deliberate indifference standard, focusing on the length of exposure to unsanitary conditions and the degree to which the conditions are unsanitary. Whitnack v. Douglas County, 16 F.3d 954, 957 (8th Cir. 1994). "Conditions of confinement, however, constitute cruel and unusual punishment 'only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise.'" Id., (quoting Wilson v. Seiter, 501 U.S. 294, 304 (1991)).

"Although the Eighth Amendment's prohibition of cruel and unusual punishment bars more than physical torture, 'discomfort compelled by conditions of confinement, without more, does not violate the amendment.'" Martin v. Byrd, No. 4:07cv01184SWW, 2008 WL 686936 * 4 (E.D.Ark.2008) (quoting Smith v. Coughlin, 748 F.2d 783, 787 (2d Cir. 1984) (other citations omitted.)) An inmate who slept without a mattress or blanket for four days on a concrete slab in the winter was not denied the minimal civilized measures of life's necessities, in O'Leary v. Iowa State Men's Reformatory, 79 F.3d 82, 84 (8th Cir. 1996).

The Court first finds that Defendant Smith should be dismissed, because Plaintiff's allegations against him are based on his supervisory position only. Supervisor liability is limited in § 1983 actions, and a supervisor cannot be held liable on a theory of respondeat superior for his or

her employee's allegedly unconstitutional actions. See White v. Holmes, 21 F.3d 277, 280 (8th Cir. 1994). A supervisor incurs liability only when personally involved in the constitutional violation or when the corrective inaction constitutes deliberate indifference toward the violation. Choate v. Lockhart, 7 F.3d 1370, 1376 (8th Cir. 1993). In this case, Plaintiff does not allege any knowledge or personal involvement by Defendant Smith with respect to the conditions about which he complains, other than to say that as Sheriff, he hired Jail Administrator Beshain.

Next, the Court finds that Plaintiff's allegations of no TB lights, lack of law library or materials, uncovered drink container, infrequent haircuts, and lack of one meal on one occasion, should be dismissed for failure to state a claim upon which relief may be granted. Plaintiff does not allege an actual injury as a result of the lack of a law library, which is necessary to support a denial of access to the courts claim. Lewis v. Casey, 518 U.S. 343, 351 (1996). In addition, the other conditions allegations do not support a finding that Plaintiff was denied basic human needs such as food, warmth, or exercise. Whitnack v. Douglas County, 16 F.3d at 957. In Wilkins v. Roper, a court held that an inmate's allegation that he was denied a food tray for one meal failed to state a claim. 843 F.Supp. 1327, 1328 (E.D.Mo. 1994). Plaintiff's allegations support a finding, at most, of discomfort, which does not support a constitutional violation. See Smith v. Coughlin, 748 F.2d at 787.

Finally, the Court finds that Plaintiff's religious diet allegations fail to state a claim for relief, because, as noted in the previous order, he does not state who he told of his Muslim faith, who fed him the pork, how many times the incident occurred, and whether he knowingly ate it. As noted above, to support an Eighth Amendment claim, Plaintiff must allege facts to support that he was denied basic human needs. He alleges that he was given pork at least three times a week, which

caused him high blood pressure. However, he does not claim he was denied adequate food to eat, that Defendants served him the pork knowing that it would cause harm, or that he was forced to eat the pork. Although he states that he "informed them" that he was Muslim and did not eat pork, he does not state who was responsible for providing him the wrong food and who he told about his diet. (Doc. No. 2, p. 6) Therefore, there are insufficient allegations to support an Eighth Amendment claim for relief. Similarly, the Court finds insufficient allegations to support a First Amendment free exercise claim. Plaintiff must allege that Defendants' action caused a substantial burden on his ability to practice his religion. Weir v. Nix, 114 F.3d 817, 820 (8th Cir. 1997). Absent additional facts such as who he told about his beliefs, when and where he told the person, whether the same person was responsible for serving his food, and whether he complained to the food service person about this, Plaintiff does not state a constitutional claim for relief. In Shaheed v. Winston, an inmate alleged a First Amendment violation based on Defendants' actions in cutting short religious services and limiting a minister's access to inmates, and in failing to accommodate the observance of Ramadan during one year. 885 F.Supp. 861 (E.D.VA 1995). The court found that the failure to observe Ramadan resulted from a misunderstanding and that the defendants' actions were negligent and not intentional, and therefore, that Plaintiff could not support a constitutional claim for relief. Id. at 868. Similarly in this case, Plaintiff's limited allegations in his Complaint do not support a finding of an intentional act by any of the named Defendants. Therefore, this claim also should be dismissed.

**IV.    Conclusion**

    IT IS, THEREFORE,  RECOMMENDED that:

    1.     Plaintiff's Complaint against Defendants be DISMISSED, for failure to state a claim

upon which relief may be granted.

    2.    This dismissal constitute a "strike" within the meaning of the PLRA.[1]

    3.    The Court certify that an <u>in forma pauperis</u> appeal from an Order and Judgment dismissing this action would not be in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 27th day of April, 2016.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] The statute provides that a prisoner may not file an <u>in forma pauperis</u> civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.     28 U.S.C. § 1915(g).